UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JACINTO RODRIGUEZ,

    Plaintiff,

vs.

USA AIR DUCT CLEANERS, LLC, a
Florida limited liability company; and
DORON ZIV, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff JACINTO RODRIGUEZ, through undersigned counsel, sues Defendants USA AIR DUCT CLEANERS, LLC, a Florida limited liability company ("USA AIR"), and DORON ZIV, individually ("ZIV"), and alleges as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Hollywood, Broward County, Florida, and is *sui juris*.

5. Defendant USA AIR is, and at all relevant times was, a Florida limited liability company doing business in Broward County, Florida. USA AIR is, and at all relevant times was, a seller and provider of air conditioning duct cleaning services that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Upon information and belief Defendant ZIV is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, ZIV was and still is an owner, operator, and manager of USA AIR, was and still is an agent of USA AIR, acted in the course and scope of his employment and agency as owner, operator, and manager of USA AIR with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day operations of USA AIR.

7. At all relevant times USA AIR was an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, ZIV was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of USA AIR in relation to Plaintiff, and regularly exercised authority to hire and fire employees of USA AIR, determined the work schedules of employees of USA AIR, set the rates of pay and compensation for employees of USA AIR, controlled the finances and operations of USA AIR, and oversaw, supervised, and controlled the day-to-day operations of USA AIR.

8. At all times during his employment with Defendants, including the three-year period immediately preceding the filing of this Complaint, Plaintiff was a non-exempt employee who regularly worked, and continues to work, over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants as an air conditioning technician, a non-exempt position, providing customer air conditioning duct cleaning services from 2013 through January 2017. Throughout his employment, including the three-year period immediately prior to the filing of this lawsuit and until his termination from employment, Plaintiff was paid a daily rate of $150.00, unless Plaintiff would return to work before 1:00 p.m., when he would be paid a half-day rate of only $75.00. During his employment, Plaintiff worked in excess of 40 hours in one or more work weeks, generally between 10 to 12 hours each day, 4 to 7 days per work week, but was not paid the required time and one-half his regular hourly rate for each work week, based on the daily rates paid to Plaintiff each work week, divided by the total number of hours worked each work week. Although copies of Plaintiff's time records are or should be in the possession of Defendants, Plaintiff estimates that he has worked approximately 150 weeks of overtime during the past three years, and approximately between 1,500 to 3,000 hours of overtime hours, for which he has not been paid the extra time and one-half overtime rate.

10. While Plaintiff kept and maintained some of his pay and time records, the complete records of the compensation actually paid to Plaintiff are currently in the possession, custody, and control of Defendants. Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA.

11. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

12.     Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

13.     Plaintiff re-alleges paragraphs 1 through 12 as if set forth fully herein.

14.     Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week.  Plaintiff worked in excess of 40 hours per work week in one or more weeks, was paid on a daily rate basis, and was not paid the extra time and one-half his regular hourly rate for any of the overtime hours he worked, as required by the FLSA.

15.     Defendants have failed and refused to pay Plaintiff the required extra time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

16.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the time and one-half his regular hourly rate, with the regular hourly rate calculated based on the daily rate actually paid to Plaintiff, divided by the total number of hours worked each work week (as calculated per 29 C.F.R. §778.112), for all hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA.

17.     Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

18.     Plaintiff is entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

19. At all relevant times, Defendants were aware that their non-exempt employees such as Plaintiff were required to be paid time and one-half their regular hourly rate, as calculated per 29 C.F.R. §778.112, for each overtime hour they worked. Defendants were also aware at all relevant times that Plaintiff regularly worked in excess of 40 hours in one or more work weeks. Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them with regard to keeping track of the time each employee worked each work day and each work week. Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations, and failed to pay Plaintiff any overtime as required by the FLSA. Defendants thus acted willfully in connection with their failure and refusal to pay Plaintiff any overtime he worked, entitling Plaintiff to recover his unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;

2. An award to Plaintiff of all unpaid overtime as required under the FLSA,

3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,

4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: February 22, 2017.

                         RODERICK V. HANNAH, ESQ., P.A.
                         Attorneys for Plaintiff
                         8751 W. Broward Blvd., Ste. 303
                         Plantation, Florida 33324
                         Telephone: (954) 362-3800
                         Facsimile: (954) 362-3779
                         Email: rhannah@rhannahlaw.com

                         By  /s/ *Roderick V. Hannah*
                              Roderick V. Hannah
                              Fla. Bar No. 435384